# NO. 12-16-00323-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARL DONNELL,* *APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Carl Donnell appeals his convictions for tampering with physical evidence and possession of a controlled substance. In one issue, he argues that his punishment is excessive and grossly disproportionate to the crimes for which he was convicted. We affirm.

### BACKGROUND

Appellant was charged by a two count indictment with (1) tampering with physical evidence, a third degree felony, punishable by not less than two years but not more than ten years imprisonment, and (2) possession of a controlled substance, a state jail felony, punishable by not less than one hundred and eighty days but not more than two years in a state jail facility. Appellant's indictment contained two enhancement provisions alleging that he had previously been finally convicted of the felony offense of possession of a controlled substance and then, sequentially, finally convicted of the felony offense of manufacture or delivery of a controlled substance. The enhancements elevated the punishment range to not less than twenty-five years but not more than ninety-nine years or life imprisonment for the tampering charge and not less two years but not more than twenty years imprisonment for the possession charge.

Appellant entered a plea of "not guilty" and the case proceeded to a jury trial. The jury returned a verdict of "guilty" on both counts and, after finding the enhancement allegations to be

"true," assessed punishment at thirty years imprisonment on the tampering charge and twenty years imprisonment on the possession charge.[1] This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the thirty year and twenty year sentences recommended by the jury and imposed by the trial court are grossly disproportionate to the crimes committed and amount to cruel and unusual punishment. "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of complaint of cruel and unusual punishment under the Texas Constitution because defendant presented his argument for first time on appeal); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (defendant waived complaint that statute violated his rights under the United States Constitution when raised for first time on appeal); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] ... it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."); TEX. R. APP. P. 33.1. A review of the record shows that Appellant lodged no objection to the constitutionality of his sentences at the trial court level, and has, therefore, failed to preserve error for appellate review. *See Kim*, 283 S.W.3d at 475; *see also Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d at 497; *Mays*, 285 S.W.3d at 889; TEX. R. APP. P. 33.1.

However, despite Appellant's failure to preserve error, we conclude his sentences do not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment.

---

[1] Appellant's brief contains inconsistent statements regarding Appellant's sentences, indicating both that he was sentenced to thirty years imprisonment for the tampering charge and twenty years imprisonment for the possession charge and that he was sentenced to life imprisonment. The record indicates that the trial court imposed the jury recommended sentence of thirty years imprisonment on the tampering charge and twenty years imprisonment on the possession charge.

*Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666-667, 82 S. Ct. 1417, 1420-21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State,* 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref d); *see also Simmons v. State,* 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref d). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State,* 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim. App.1973); *Davis,* 905 S.W.2d at 664. In this case, Appellant was convicted of tampering with physical evidence and possession of a controlled substance, the punishment ranges for which, considering enhancements, is twenty-five to ninety-nine years, or life imprisonment and two to twenty years imprisonment, respectively. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 12.42(d), 12.425(b), 37.09 (a)(1),(c) (West 2011, 2016 and West Supp. 2016); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b) (West 2017). Thus, the sentences recommended by the jury and imposed by the trial court fall within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm,* 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.,* 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan,* 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.1992), *cert. denied,* 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State,* 989 S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle* in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. 445 U.S.

263, 100 S. Ct. 1133, 63 L.Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.,* 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.,* 445 U.S. at 265-66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.,* 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In this case, the offenses committed by Appellant—tampering with physical evidence and possession of a controlled substance—are certainly no less serious than the combination of offenses committed by the appellant in *Rummel,* while Appellant's thirty year and twenty year sentences are far less severe than the life sentence upheld by the Supreme Court in *Rummell*. Thus, it is reasonable to conclude that if the sentence in *Rummell* is not constitutionally disproportionate, neither are the sentences assessed against Appellant in this case. In his brief, Appellant makes a conclusory statement that his thirty year and twenty year sentences are grossly disproportionate, but cites to no authority to support this contention. *See* TEX. R. APP. P. 38.1(i) ("[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities…"). Because we do not conclude that Appellant's sentences are disproportionate to his crimes, we need not apply the remaining elements of the *Solem* test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2017**

**NO. 12-16-00323-CR**

**CARL DONNELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-16-32686)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*